M. Trevor Lyons
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07012
Tel: (973) 757-1100

*Attorneys for Defendant*
*Axon Enterprise, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| AUSTIN SOLECITTO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| AXON ENTERPRISE, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Axon Enterprise, Inc. ("Defendant" or "Axon"), hereby removes this action from the Superior Court of the State of New Jersey to the United States District Court for the District of New Jersey. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Defendant and Plaintiff, Austin Solecitto ("Plaintiff" or "Solecitto"), and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## BACKGROUND

1.      This civil action was commenced in Superior Court of the State of New Jersey, Law Division, County of Bergen, on or about November 15, 2023 (the "State Court Action"). The State Court Action is styled *Austin Solecitto v. Axon Enterprise*, No. BER-L-6137-23.

2.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

3.      Defendant was served with the Complaint in the State Court Action on November 16, 2023.  This Notice of Removal is being filed within thirty (30) days of service of process upon Defendant in the State Court Action and is therefore timely pursuant to 28 U.S.C. § 1446(b).

4.      In accordance with 28 U.S.C. § 1446(d), Defendant will, upon filing this Notice of Removal, furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the New Jersey Superior Court, Bergen County.

5.      In the Complaint, Plaintiff alleges that he "resides at 749 Dakota Trail, Franklin Lakes, New Jersey 07417" Ex. A, Compl., ¶ 1.

6.      Defendant is an Arizona corporation with its principal place of business at 17800 N 85th St, Scottsdale, AZ 85255

7.      The Complaint asserts one cause of action against Defendant: LAD – Disability and/or Perceived Disability Discrimination (Count I) – alleging that Defendant terminated Plaintiff because of his disability, constituting "an adverse employment action," and a violation of the LAD, N.J.S.A. 10:5-1, *et seq. Id.* ¶¶ 17-19.

8.      In Count I, Plaintiff seeks damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress. *Id.* at 21.

**VENUE**

9.     The United States District Court for the District of New Jersey is the federal jurisdiction in which New Jersey Superior Court, Bergen County, sits. The State Court Action was originally filed in New Jersey Superior Court, Bergen County, which makes venue in this federal judicial district proper. 28 U.S.C. §§ 110, 1441(a).

## DIVERSITY JURISDICTION

10.     This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Complete Diversity of Citizenship Exists Between Plaintiff and Defendant

11.     For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

12.     Defendant is a citizen of the State of Arizona, which is its state of incorporation and where it maintains its principal place of business.

13.     Plaintiff is a citizen of the State of New Jersey, as this is where Plaintiff resides. Ex. A, Compl., ¶ 1.

14.     Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant.

### The Amount in Controversy Exceeds $75,000

15.     Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs."

16.     A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*,

135 S. Ct. 547, 554 (2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Id.*, at 553; *see also Vaccaro v. Amazon.com.dedc, LLC*, No. 19-11852, 2019 WL 1149783, *3 (D.N.J. March 13, 2019).

17.     In the Complaint, Plaintiff seeks damages arising from Defendant's termination of Plaintiff under the LAD, N.J.S.A. 10:5-1, *et seq*. Ex. A, Compl., Count I. Plaintiff alleges that he "has suffered, and continues to suffer, damages, including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress." Ex. A, Compl., ¶ 21. Plaintiff seeks compensatory damages as a result of this alleged conduct.  *Id.* at 1.

18.     Plaintiff could also recover punitive damages under the claims he has noticed, which may be considered as part of the amount in controversy. *Id.* Under the LAD, punitive damages may be recovered under certain circumstances. N.J.S.A. 10:5-13(b); *Hurley v. Atl. City Police Dep't*, 174 F.3d 95 (3d Cir. 1999). "When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993); *see also Hoffman v. Pharmacare US Inc.*, No. 17-3540 (CCC), 2017 WL 6758444, at *3 (D.N.J. Dec. 14, 2017) ("For the purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under New Jersey state law.").

19.     Plaintiff also seeks attorneys' fees, *see* Ex. A, Compl. p. 1, which may be considered as part of the amount in controversy, as they are available to prevailing plaintiffs under the LAD. N.J.S.A. 10:5-27.1; *see also Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); N.J. Stat. Ann. § 10:5-27.1.

20.     Based on the foregoing, while Defendant denies any and all liability, the amount in controversy plausibly exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs,

based on Plaintiff's claims for back pay, front pay, pain and suffering, physical manifestation of emotional distress, emotional distress, punitive damages, and attorney's fees.

WHEREFORE, Defendant respectfully states that this action, previously pending in the New Jersey Superior Court, Bergen County, is properly removed to this Court, and Defendant respectfully requests that this Court proceed as if this case had been originally filed in this Court.

Dated: December 15, 2023

Respectfully submitted,

*s/M. Trevor Lyons*

_____

M. Trevor Lyons
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ  07012
Tel: (973) 757-1100

*Attorneys for Defendant,*
*Axon Enterprise, Inc.*

# Exhibit A



**D7M / ALL**
**Transmittal Number: 28023278**
**Date Processed: 11/17/2023**

# Notice of Service of Process

**Primary Contact:**              ███████████
                                  Axon Enterprise, Inc.
                                  17800 N 85th St
                                  Scottsdale, AZ 85255-6311

**Electronic copy provided to:**        ████████████

| | |
|---|---|
| **Entity:** | Axon Enterprise, Inc.<br>Entity ID Number  3875395 |
| **Entity Served:** | Axon Enterprise, Inc. |
| **Title of Action:** | Austin Solecitto vs. Axon Enterprise, Inc. |
| **Matter Name/ID:** | Austin Solecitto vs. Axon Enterprise, Inc. (14870781) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Bergen County Superior Court, NJ |
| **Case/Reference No:** | BER-L-6137-23 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 11/16/2023 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Castronovo & Mckinney, LLC<br>973-920-7888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**SUMMONS**

Attorney(s) THOMAS A. MCKINNEY

Office Address 71 MAPLE AVENUE

Town, State, Zip Code MORRISTOWN, NJ 07960

Telephone Number (973) 920-7888

Attorney(s) for Plaintiff

AUSTIN SOLECITTO

Plaintiff(s)

Vs.

AXON ENTERPRISE, INC.

Defendant(s)

**Superior Court of New Jersey**

BERGEN COUNTY

LAW DIVISION

Docket No: BER-L-6137-23

**CIVIL ACTION SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153 deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153 deptyclerklawref.pdf.

Clerk of the Superior Court

DATED: 11/15/2023

Name of Defendant to Be Served: AXON ENTERPRISE, INC. c/o CSC

Address of Defendant to Be Served: c/o Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, New Jersey 08628 (Registered Agent)

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

Thomas A. McKinney (Attorney ID 022202003)
**CASTRONOVO & McKINNEY, LLC**
71 Maple Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff,
Austin Solecitto

| | |
|---|---|
| AUSTIN SOLECITTO, | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY |
| Plaintiff, | DOCKET NO.: |
| v. | Civil Action |
| AXON ENTERPRISE, INC., | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

Plaintiff, Austin Solecitto ("Plaintiff"), through his attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendants Axon Enterprise, Inc. ("Defendant Axon"), and alleges as follows:

<u>FACTS</u>

**A.   Jurisdiction and Venue**

1.   Plaintiff resides at 749 Dakota Trail, Franklin Lakes, New Jersey 07417.

2.   Defendant Axon Enterprise, Inc. is an Arizona corporation which does business throughout New Jersey and maintains a registered agent for service of process at Princeton South Corporate Center, Suite 160, 100 Charles Ewing Blvd., Ewing, New Jersey 08628.

**B.** **Plaintiff's Employment, Disability Discrimination, and Retaliation**

3.      Plaintiff was born with rapidly deteriorating hearing loss, is deaf in both ears and has had an implant to help him hear since he was five years old.   This condition effects the way that Plaintiff speaks.

4.      Defendant Axon was aware of Plaintiff's disability when he was hired.

5.      Plaintiff initially began working for Defendant Axon in 2022 as an Enterprise Sales Development Representative ("SDR").

6.      Plaintiff was the top ranked SDR on the team in 2022 and his performance evaluation, over 25-30 categories, were "meets expectations" or higher.

7.      Plaintiff's performance was in the top 25% for many of these categories.

8.      In January 2023, Plaintiff was promoted to Enterprise Account Executive.

9.      At that time, Defendant Axon removed states from the territory he was to serve, setting him up to fail in his new position.

10.      The prior Director of Sales, Douglas Lee, even noted that it would be a difficult year for sales and left Defendant Axon in April 2023.

11.       On May 26, 2023, David Arth, Sales Team Lead, gave Plaintiff the following feedback following a sales call: "I think this is an interested customer and we got to the right answer at the end of the call…there were times where it felt you weren't acknowledging or 'hearing the customer.'"

12.      Shortly thereafter, Plaintiff was informed that he was being terminated effective June 12, 2023.

13.      In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disability.

## COUNT I

**LAD – Disability and/or Perceived Disability Discrimination**

14.     Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

15.     Plaintiff is disabled.

16.     Plaintiff had been more than satisfactorily performing his essential job functions for Defendant at the time of his termination.

17.     Defendant terminated Plaintiff because he was disabled.

18.     Defendant's termination of Plaintiff's employment constitutes an adverse employment action.

19.     Defendant's actions constitute discrimination on the basis of Plaintiff's disability that violates the LAD, N.J.S.A. 10:5-1, *et seq.*

20.     Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

21.     As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, physical manifestation of emotional distress, and emotional distress.

CASTRONOVO & McKINNEY, LLC

Dated: November 13, 2023              By:_____

                                                          Thomas A. McKinney
                                                          Attorneys for Plaintiff

3

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

CASTRONOVO & McKINNEY, LLC

Dated: November 13, 2023          By:_____
                                        Thomas A. McKinney
                                        Attorneys for Plaintiff

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

CASTRONOVO & McKINNEY, LLC

Dated: November 13, 2023          By:_____
                                        Thomas A. McKinney
                                        Attorneys for Plaintiff

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding. I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: November 13, 2023          By:_____
                                        Thomas A. McKinney
                                        Attorneys for Plaintiff

4

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-006137-23**

**Case Caption:** SOLECITTO AUSTIN  VS AXON
ENTERPRISE, INC .

**Case Initiation Date:** 11/13/2023

**Attorney Name:** THOMAS A MC KINNEY

**Firm Name:** CASTRONOVO & MCKINNEY,LLC

**Address:** 71 MAPLE AVE

MORRISTOWN NJ 079600000

**Phone:** 9739207888

**Name of Party:** PLAINTIFF : SOLECITTO, AUSTIN

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** AUSTIN SOLECITTO? NO

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/13/2023
Dated

/s/ THOMAS A MC KINNEY
Signed