**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Austin Solecitto,<br><br>      *Plaintiff*,<br><br>  v.<br><br>Axon Enterprise, Inc.,<br><br>      *Defendant*. | Civil Action No. 23-23125<br>(MEF) (LDW)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\* \* \*

An employee sued his former employer, claiming discrimination. The employer-Defendant has now moved to dismiss the case and/or to compel arbitration.

To resolve the motion, the first question to answer is: who decides whether this case should be arbitrated? The Court or an arbitrator?

Third Circuit precedent would seem to compel the answer: an arbitrator.

The underlying arbitration agreement refers to a specified set of American Arbitration Association rules. See Motion to Dismiss, Exhibit B, at 8. Per those rules: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." See Motion to Dismiss, Exhibit C, at 17.

And in cases that appear on point, the Third Circuit has suggested this is enough to establish that the arbitrator, not the court, decides the whether-to-arbitrate question. See Blueprint Cap. Advisors, LLC v. Div. of Inv., 2023 WL 8866554, at *2 (3d Cir. Dec. 22, 2023); Williams v. Medley Opportunity Fund II, LP, 965 F.3d 229, 237 (3d Cir. 2020) (citing Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. 63, 67–68 (2019)); MacDonald v. CashCall, Inc, 883 F.3d 220, 226 (3d Cir. 2018).

\*   \*   \*

But there is a wrinkle.

The employer-Defendant's arbitration argument assumes the existence of a valid arbitration agreement.  But no arbitration agreement was attached to the employee-Plaintiff's Complaint. See Opposition to Motion to Dismiss at 16–17 (making this point).

This means the arbitration agreement may count as extrinsic evidence.  And in deciding a motion to dismiss, extrinsic evidence typically cannot be considered.  See, e.g., Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022).

There are exceptions to this rule, including this one: "[i]n deciding a motion to dismiss, 'a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.'"  Schulsinger v. Perchetti, 724 F. App'x 132, 133 n.1 (3d Cir. 2018) (quoting Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

But this exception does not seem to be in play here.  The employee-Plaintiff casts doubt on the authenticity of the signature on the arbitration agreement.  See Opposition to Motion to Dismiss at 18.[1]

In these circumstances, the Court will deny the motion to dismiss and convert it into a motion for summary judgment. See generally Dixon v. Golden-Masano-Bradley, L. Firm, 228 F. App'x 142 (3d Cir. 2007) (describing this procedure).  The parties

---

[1] For its part, the employer-Defendant responds by, among other things, laying out certain asserted facts as to why the employee-Plaintiff's signature must be authentic.  See Reply to Opposition to Motion to Dismiss at 13–14.

will be permitted to conduct highly targeted discovery on the arbitrability question, under the supervision of the United States Magistrate Judge. Such discovery should presumably move quickly. When the targeted discovery is completed, the employer-Defendant (or the employee-Plaintiff) may move for summary judgment, focused on the question of whether this case must be arbitrated and who is to decide that question.

IT IS on this 16th day of September, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.